**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

In re:

|  |  |  |
|---|---|---|
| ALAN KIM PATRONO | : | Chapter 11 |
| fdba PATRONO & MURPHY LLC, | : | |
| fdba APPLE LEAF ABSTRACTING & | : | |
| SETTLEMENT CO. and | : | |
| JANE H. PATRONO | : | Case No. 1:25-bk-02214-HWV |
| | : | |
| | : | |
| ALAN KIM PATRONO | : | |
| fdba PATRONO & MURPHY LLC, | : | |
| fdba APPLE LEAF ABSTRACTING & | : | |
| SETTLEMENT CO., and | : | |
| JANE H. PATRONO | : | |
| Appellants | : | Notice of Appeal of Bankruptcy |
| | : | Court Order at Doc 160 Denying |
| v. | : | Appellants' Motion for |
| | : | Rehearing |
| H&M HOLDING GROUP, LLC, HAUSER | : | |
| FAMILY FARMS, LLC, HANNAH HAUSER, | : | |
| and MELINDA DAVIS | : | |
| Appellees. | : | |

<u>**NOTICE OF APPEAL**</u>

Notice is hereby given that **Alan Kim Patrono fdba Patrono & Murphy LLC, fdba Apple Leaf Abstracting & Settlement Co., and Jane H. Patrono** ("*Appellants*") hereby appeals to the United States District Court for the Middle District of Pennsylvania from the **Order Denying Appellants Motion for Rehearing (Doc. 160)** entered in the above-captioned bankruptcy case on **May 12, 2026** (the "*Order*"). This appeal is taken pursuant to 28 U.S.C. § 158(a) and Rules 8002 and 8003 of the Federal Rules of Bankruptcy Procedure.

**1. Order Appealed From**
The Appellant appeals from the following:
- **Order Denying Appellants (Movants) Motion for Rehearing**
- **Docket No.:** 160
- **Date Entered:** May 12, 2026
A copy of the Order is attached hereto as **Exhibit A**.

**2. Parties to the Appeal**
**Appellant:**
Alan Kim Patrono

*fdba* Patrono & Murphy LLC
*fdba* Apple Leaf Abstracting & Settlement Co and
Jane H. Patrono
c/o Lawrence V. Young
CGA Law Firm
135 N. George Street
York, PA 17401
717-848-4900
lyoung@cgalaw.com

**Appellee(s):**
H&M Holdings Group, LLC, Hauser Family Farms, LLC, Hannah Hauser, and Melinda Davis
c/o Michael D. Vagnoni, Esquire and Paige Macdonald-Matthes, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
215-665-3066

**3. Statement of Issues on Appeal**
Pursuant to Federal Rule of Bankruptcy Procedure 8003(a)(3)(B), Appellant identifies the following issues to be presented on appeal:
1. **Erroneous allowance of post-petition lien:**
   Whether the Bankruptcy Court committed an error of law or abuse of discretion in treating a post-petition judgment as lien on Bankruptcy Estate assets.
2. **Erroneous denial of the Debtors' Motion for Sale:**
   Whether the Bankruptcy Court committed an error of law or abuse of discretion in denying the Debtors' ability to sell assets and holding that the Order is not ambiguous.
3. **Erroneous denial of Debtors Motion for Rehearing:**
   Whether the Bankruptcy Court committed an error of law or abuse of discretion in finding there was no clear error in denying Debtors' Motion for Sale stating there was no clear error warranting reconsideration, when post-petition judgments cannot become post-petition liens on Estate assets.

**4. Election to Have Appeal Heard by District Court**
Pursuant to 28 U.S.C. § 158(c)(1), Appellant hereby elects to have this appeal heard by the United States District Court for the Middle District of Pennsylvania.

**5. Request for Stay**
Appellant does not seek a stay of the Order pending appeal.

**6. Transcript Information**
Appellant does  intend to order transcripts of the proceedings pursuant to Federal Rule of Bankruptcy Procedure 8009(b).
If applicable: The following proceedings will be transcribed:

- April 28, 2026 Hearing on Motion for Sale of Property Free and Clear of Liens (28 West Middle Street, Gettysburg, PA 17325)

## 7. Statement Regarding Related Appeals
None.

## 8. Certification of Timeliness
This Notice of Appeal is timely filed pursuant to Federal Rule of Bankruptcy Procedure 8002, as it is filed within fourteen (14) days of entry of the Order.

**Respectfully submitted,**
Dated: May 26, 2026
Lawrence V. Young, Esq.
CGA Law Firm
135 N. George St.
York, PA 17401
717-848-4900
lyoung@cgalaw.com
Counsel for Appellant

## CERTIFICATE OF SERVICE
I hereby certify that on this 26th day of May**, 2026**, a true and correct copy of the foregoing Notice of Appeal was served via CM/ECF upon all parties entitled to notice, including:

- H&M Holdings Group, LLC, Hauser Family Farms, LLC, Hannah Hauser, and Melinda Davis c/o Michael D. Vagnoni, Esquire and Paige Macdonald-Matthes, Esquire OBERMAYER REBMANN MAXWELL & HIPPEL LLP

  VIA CM/ECF

## EXHIBIT A
[Attach Order Being Appealed]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:                                                :
                                                      :    CHAPTER 11
ALAN KIM PATRONO, fdba PATRONO &    :
MURPHY LLC, fbda APPLE LEAF           :
ABSTRACTING & SETTLEMENT CO. and   :
JANE H. PATRONO,                              :
                                                      :    CASE NO. 1:25-bk-02214-HWV
                              Debtors.           :

## ORDER

Upon consideration of the Debtors' Motion for Rehearing Pursuant to Federal Rule of

Bankruptcy Procedure 8022, Doc. 156, which the Court construes as a Motion for

Reconsideration under Federal Rule of Civil Procedure 59, as incorporated by Federal Rule of

Bankruptcy Procedure 9023, the Court finds and concludes as follows:

a.  A motion to alter or amend judgment must rely on one of three grounds: "(1) an

     intervening change in controlling law; (2) the availability of new evidence [not

     previously available]; [or] (3) the need to correct clear error [of law] or prevent

     manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,

     1218 (3d Cir. 1995) (internal quotation marks omitted).

b.  The Debtors contend that the Court erred by treating the post-petition Adams County

     judgment as giving rise to a judicial lien against estate property, rather than merely

     liquidating the claims of Melinda Davis, H&M Holdings Group, LLC, Hannah

     Hauser, and Hauser Family Farms, LLC (collectively, the "Hauser Parties").

c.  The Court disagrees. Its September 23, 2025 stay relief order expressly authorized the

     Hauser Parties to pursue "final, unappealable judgment(s)" in the Adams County

     litigation, while separately prohibiting enforcement absent further order of this Court.

1

By authorizing entry of final judgments, the Court necessarily contemplated that such judgments would carry the legal consequences provided by Pennsylvania law, including the creation of judgment liens against real property located within the county upon proper entry and indexing. *See* 42 PA. CONS. STAT. § 4303(a); PA. R. CIV. P. 3023. The Court therefore finds no ambiguity in that Order or clear error in recognizing the legal effect of the resulting judgment under Pennsylvania law when denying the Debtor's Motion for Sale.

d.  The Motion does not identify any newly discovered evidence, intervening change in controlling law, or clear error warranting reconsideration. Rather, the Motion primarily advances an incorrect interpretation of the Court's September 23, 2025 stay relief order and the legal effect of the resulting judgment under Pennsylvania law. The Motion therefore fails to establish grounds for reconsideration. No further factual development or hearing is necessary to resolve the Motion.

Accordingly, it is

**ORDERED** that the Motion is **DENIED**.

By the Court,

Henry W. Van Eck, Chief Bankruptcy Judge
Dated: May 12, 2026

2